SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PETER D. SAX**
Peter.Sax@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-cr-00022-IM |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| LEONTRELL LENELL BENNETT, | Sentencing: March 11, 2026, |
| Defendant. | at 2:00 p.m. |

The government recommends a sentence of time served.

**BACKGROUND**

In the early morning hours of October 14, 2024, Portland police officers attempted a traffic stop on a Kia sedan for driving aggressively and with no visible license plate. When a police car pursued the Kia sedan, the vehicle did not pull over and instead attempted to drive away. The Kia sedan passed through a red light without stopping and ultimately crashed in a residential area of Northeast Portland. Defendant exited the vehicle and fled on foot. He ran through multiple neighborhood blocks and appeared to stop briefly to reach into a grassy shrub. Officers caught defendant hiding in a residential backyard. Back at the grassy shrub, officers

**Government's Sentencing Memorandum**                                                               Page 1

found and seized a loaded Smith & Wesson M&P 9mm handgun. Defendant was taken into custody and lodged on state charges for Fleeing or Attempt to Elude and Reckless Driving.

Defendant was transferred to federal custody for violating the terms of his supervised release. Defense counsel promptly notified the government that defendant sought to resolve the new gun case by pleading guilty to an Information. On January 22, 2025, the government filed an Information charging defendant with being in a felon in possession of firearm—by possessing the Smith & Wesson handgun that had been recovered under the grassy shrub.

On March 26, 2025, defendant waived indictment and pleaded guilty to Count One of the Information. At the time of defendant's plea, the parties executed a plea agreement. Its salient terms are as follows:

- **Base Offense Level**: The parties agree that the applicable base offense level is 20, pursuant to USSG § 2K2.l(a)(4), prior to adjustments.

- **Acceptance of Responsibility**: A three-level downward reduction applies.

- **3553(a) Factors**: The government will recommend a two-level reduction for factors under Section 3553(a) due to defendant's early resolution of the case.

- **Sentencing Recommendation**: The government will recommend the low end of the applicable guidelines range. Defendant may request an additional downward variance.

- **Waiver of Appeal/Post-Conviction Relief**: Defendant agreed to waive appeal and post-conviction relief with the usual exceptions.

The Court ordered a pre-sentence report (PSR) and sentencing is now scheduled for March 11, 2026.

/ / /

/ / /

## GOVERNMENT'S SENTENCING RECOMMENDATION

The government agrees with calculations in the PSR both regarding the base offense level and defendant's criminal history calculations. At CHC III and total adjusted offense level of 11, the advisory guidelines range is 12 to 18 months' imprisonment. Defendant has been in custody since his initial arrest and has already served roughly 16 months in custody. Accordingly, the government recommends a sentence of time served. The government believes that this is an appropriate sentence under the circumstances of this case. The defendant is on notice, however, that the government's sentencing recommendation will assuredly be far higher if defendant recidivates and is caught again unlawfully possessing a firearm.

Dated: March 5, 2026.

        Respectfully submitted,
        SCOTT E. BRADFORD
        United States Attorney

        */s/ Peter Sax*
        PETER D. SAX
        Assistant United States Attorney